IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:18-cv-00174-M-BP** |
| | § | |
| **LARRY CECIL CABELKA, *et al*.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On January 1, 2019, Chief United States District Judge Barbara M. G. Lynn referred this case to the undersigned for pretrial management. (ECF No. 13). Before the Court are the "Amended Special Appearance by Jacqueline Kay Latimer Motion to Dismiss" (ECF No. 11) and "Amended Special Appearance by Larry Cabelka Motion to Dismiss by Estoppel" (ECF No. 12), both filed January 3, 2019, and Response in Opposition of the United States (ECF No. 18), filed February 25, 2019. Although the Court reminded them to file any reply that they wished to make to the Response (*see* ECF No. 19), the defendants have not done so. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** the defendants' amended motions to dismiss.

**BACKGROUND**

In this income tax collection suit, the United States seeks to collect a portion of the judgment entered by United States District Judge Reed O'Connor on January 30, 2018 in *United States v. Larry Cabelka*, No. 7:16-cv-00126-O-BP, by foreclosing federal tax liens on property located in Megargel, Texas, in which Defendant Cabelka allegedly owns an interest. Cabelka moves to dismiss the case because the United States has already sued him in the case before Judge

O'Connor and because he does not own the Megargel property. (ECF No. 12). Defendant Latimer seeks dismissal since this is a quiet title action that should have been filed in state court, the amount in controversy is less than $75,000 and she and one of the original defendants both are citizens of Texas, and she undisputedly owns the Megargel property. (ECF No. 11). The United States responds that the Court has jurisdiction and the complaint states a claim against the defendants as required by the Federal Rules of Civil Procedure and applicable law. (ECF No. 18 at 2).

## ANALYSIS

The Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331 because the claims asserted in the complaint arise under the laws of the United States. Specifically, the statutory provisions of 26 U.S.C. §§ 7401-03 grant broad authority to the federal courts to enforce the internal revenue laws and to enforce liens and collect on judgments for unpaid taxes. Because federal question jurisdiction exists, the United States need not allege the diverse citizenship of the parties or that more than $75,000 is in controversy as would be required for the Court to have jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1332. Even if the United States could have sued the defendants in state court to quiet title or for other purposes, this Court has subject matter jurisdiction over the pending claims. Moreover, the United States may seek a determination of the ownership of the Megargel property and may attempt to enforce its liens or judgment against Cabelka in this case pursuant to the provisions of 26 U.S.C. §§ 7401-03. In its complaint, the United States has properly stated a claim for relief against the defendants under Rule 8(a) of the Federal Rules of Civil Procedure and has provided adequate notice to the defendants of the claims asserted.

Because the Court has subject matter jurisdiction over this case, the United States has authority to pursue the claims asserted in its complaint against the defendants, and the complaint

states a claim against the defendants, the amended motions to dismiss (ECF Nos. 11 and 12) should be denied.

## RECOMMENDATION

The undersigned **RECOMMENDS** that Chief Judge Barbara M. G. Lynn **DENY** the "Amended Special Appearance by Jacqueline Kay Latimer Motion to Dismiss" (ECF No. 11) and "Amended Special Appearance by Larry Cabelka Motion to Dismiss by Estoppel" (ECF No. 12).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed August 19, 2019.

Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE