UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Nos. 7:18-cv-00174 & 7:16-cv-00126 |
| LARRY CECIL CABELKA, *et al.*, | § § § | |
| Defendants. | § § | |

JOINT MOTION TO APPROVE SALE OF MEGARGEL PROPERTY TO RANDELL AND REBECCA McANALLY, **FOR EXPEDITED RULING,** and SUPPORTING BRIEF

Plaintiff United States of America and Court-appointed Receiver Robert E. Ogle file this joint motion for an order approving the Receiver's sale of the real property which is the subject of the above-referenced lawsuit (Case No. 7:18-cv-00174), which property is currently owned by Defendant Larry Cecil Cabelka, and located at 9636 FM 210 in Megargel, Archer County, Texas 76370 ("the Megargel Property"), the former residence of Defendants Larry Cecil Cabelka and Jacqueline Kay Latimer, to be sold in accordance with the Court's Judgment in Case No. 7:18-cv-00174 (ECF No. 56), by Receiver Robert E. Ogle, to Randell and Rebecca McAnally ("the McAnallys"), and for an **expedited ruling** on this motion, as follows:

1. On March 10, 2020, the Court entered a final summary Judgment (ECF No. 56 in Case No. 7:18-cv-00174) in favor of the United States of America and against Defendants Larry Cecil Cabelka and Jacqueline Kay Latimer, authorizing the Government to sell the Megargel Property for Cabelka's federal income tax debt, discussed below. This judgment was not appealed. The legal description of the Megargel Property is stated in the attached **Exhibit 1**.

2. On January 30, 2018, the Court entered an Amended Final Judgment (ECF No. 224) in *United States of America vs. Larry Cecil Cabelka,* Case No. 7:16-cv-00126-O-BP ("the Related Case"), reducing to judgment Cabelka's **$26 million** income (Form 1040) tax debt, for tax years 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2005, 2006, 2007, 2008, and 2009. This judgment was affirmed by the United States Court of Appeals for the Fifth Circuit.

3. On March 22, 2021, in both of the above-styled cases, the Court entered Orders appointing Robert E. Ogle as Receiver to, among other things, take possession of and sell the Megargel Property. (ECF No. 76 in Case No. 7:18-cv-00174, and ECF No. 324 in Case No. 7:16-cv-00126). Under the terms of Mr. Ogle's appointment as Receiver, any proposed sale of the Megargel Property must be approved by this Court. The Orders appointing Mr. Ogle as Receiver required Cabelka and Latimer to vacate the Megargel Property, and it is now unoccupied.

4. According to the Receiver's in person inspection of the Megargel Property on May 6, 2021, it appears that the Megargel Property has been vacant for years. After inspecting the Megargel Property, the Receiver concluded that the house on the property is uninhabitable in its current condition, and the primary value to the property lies in the value of the land, or four acres of real estate on which the house is situated. On May 13, 2021, the Archer County Appraiser informed the Receiver that the current Archer County tax assessed value of the Property is $27,470.

5. On or about May 5, 2021, the Receiver and G2 Outdoors Brokerage, LLC d/b/a Mossy Oak Properties of Texas through Matt McLemore, broker's associate and realtor, signed a listing agreement, allowing Messrs. Grubbs and McLemore to sell the Megargel Property for

$25,000, which they determined was a fair market value for the property, based on comparable sales in Archer County, Texas and acreage values in that county.

6. The Receiver through broker/realtor Matt McLemore has located two potential buyers, Randell and Rebecca McAnally, husband and wife, who are willing to purchase the Megargel Property for $35,000, "as is". This $35,000 sales price is $10,000 above the current $25,000 list price, and is an all cash offer. Also, the $35,000 sales price is $7,530 above the current Archer County tax-assessed value of the property, which is $27,470.

7. Attached hereto as **Exhibit 2** is a copy of an offer signed by the McAnallys to purchase the Megargel Property for a sales price of $35,000. The tentative closing date for the sale of the Megargel Property would be within 60 days after the Court approves and confirms the sale. Through this motion, the United States and the Receiver request that the Court approve and confirm the sale of the Megargel Property by the Receiver to the McAnallys in accordance with the terms set forth in the attached offer, **Exhibit 2**.

8. The United States and the Receiver believe that the proposed $35,000 sales price is a fair price for the Megargel Property. It is the highest offer received on the property since it was listed for sale in the Multiple Listing Service on or about May 5, 2021. However, there are several backup offers on the property, currently all in the amount of $25,000. After payment of costs of sale, real estate commissions of $3,500, and the Receiver's and his attorney's fees associated with the sale, the proceeds from the sale of the Megargel Property will satisfy a small portion the **$26 million** federal tax debt owed by Larry Cabelka, that is set forth in the Court's Judgment in Case No. 7:16-cv-00126 (ECF No. 224). In addition, there is an unpaid and delinquent ad valorem tax debt reduced to a state court judgment pertaining to the property in the approximate amount of $16,000, which will be completely satisfied from the sale of the property.

9. The Court's authority to approve the proposed sale is clear. 26 U.S.C. § 7402(a) provides that the Court has the power to issue "orders and processes . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." Additionally, 26 U.S.C. § 7403 authorizes the Court to enforce federal tax liens against property in which the taxpayer has an interest through sale by a Court-appointed receiver. The Government proved through summary judgment in Case No. 7:18-cv-00174 that Defendant Larry Cabelka is the true owner of the Megargel Property, to which federal tax liens and the **$26 million** judgment lien against Cabelka attach.

10. The United States and the Receiver respectfully request an expedited ruling on this motion, to give the title company closing the sale of the Megargel Property time to prepare the necessary documents to timely facilitate the sale of the property, and to avoid further deterioration to, and potential trespassers on, the property.

Prayer

For these reasons, the United States and the Receiver request an order of this Court approving and confirming the proposed sale of the Megargel Property for $35,000 to Randell and Rebecca McAnally, in the form submitted with this motion, and for an **expedited ruling** on this motion.

       Respectfully submitted,

       */s/ Ramona S. Notinger*
       RAMONA S. NOTINGER
       Ramona.S.Notinger@usdoj.gov
       Texas Bar No. 19158900
       U.S. Department of Justice
       Tax Division
       717 N. Harwood, Suite 400
       Dallas, Texas  75201
       (214) 880-9766 telephone
       (214) 880-9741 fax

       ATTORNEY FOR UNITED STATES OF AMERICA


       */s/     H. Miles Cohn*
       H. MILES COHN
       mcohn@craincaton.com
       Texas Bar No. 04509600
       Crain, Caton & James
       1401 McKinney Street, Suite 1700
       Five Houston Center
       Houston, Texas  77010
       (713) 752-8668 telephone
       (713) 658-1921

       ATTORNEY FOR RECEIVER ROBERT E. OGLE


## CERTIFICATE OF CONFERENCE

       I certify that, on May 13, 2021, prior to filing this motion, I conferred by email with Defendants Larry Cabelka and Jacqueline Latimer, to determine if they will oppose this motion. As of the time this motion is being filed with the Court, I have not received a response from either Mr. Cabelka or Ms. Latimer to my email, as to whether they will oppose this motion.  On May 11, 2021, I spoke with Jeanmarie Baer, attorney for Archer County, Olney Independent School District, and other ad valorem taxing authorities with a claim for delinquent taxes against the Megargel Property, and Ms. Baer indicated that her clients, the ad valorem taxing authorities, will support this motion.

       */s/ Ramona S. Notinger*
       RAMONA S. NOTINGER

## **CERTIFICATE OF SERVICE**

  I certify that on May 14, 2021, a copy of the foregoing motion was served upon Defendants Larry Cecil Cabelka and Jacqueline Latimer, H. Miles Cohn, Esq., and Benjamin J. Tech, through the ECF-system, and by email to the following:

| | |
|---|---|
| Defendant Larry Cecil Cabelka<br>PO Box 295<br>Megargel, Texas 76370 | VIA EMAIL rangerlarrycabelka49@gmail.com<br>And rancherlarry49@yahoo.com |
| Defendant Jacqueline Kay Latimer<br>1601 Keeler Avenue<br>Wichita Falls, Texas 76301 | VIA EMAIL jackielatimer62@yahoo.com |
| Benjamin J. Tech, Esq.<br>(Attorney for<br>Jacqueline Latimer)<br>12392 Maple Ridge Lane<br>Guthrie, Oklahoma 73044 | VIA EMAIL bjtech.esq@outlook.com |
| Miles H. Cohn, Esq.<br>(attorney for Receiver<br>Robert E. Ogle)<br>1401 McKinney Street<br>Suite 1700<br>Houston, Texas 77010 | VIA EMAIL mcohn@craincaton.com |
| Jeanmarie Baer, Esq.<br>(Attorney for Archer County,<br>Olney ISD, and other ad<br>valorem taxing authorities)<br>Perdue Brandon Fielder<br> Collins & Mott LLP<br>900 8th Street, Ste. 1100<br>Wichita Falls, Texas 76301 | VIA EMAIL jbaer@pbfcm.com |

              */s/ Ramona S. Notinger*
              RAMONA S. NOTINGER

# EXHIBIT 1

The property that is the subject of this Motion, located at 9636 Farm to Market Road 210 in Megargel, also known as 10255 FM 210, Archer County, Texas 76370, has the following legal description:

Survey and description of a 4.40 acre parcel, more or less, out of the East 124.3 acres of Block 1, G.P. Meade's "LM" Pasture Subdivision of The William E. Probert Survey, Abstract 337, North of Megargel in Archer County, Texas as follows:

BEGINNING at a 1/2" iron rod set at the West side of an old cedar fence post in the East right-of-way of 80 foot F.M. Highway 210; Whence the fenced Southeast corner of Block 10 did bear 1108.9 feet S 89 degrees 23' E GRID NAD83 in 1979; said iron rod in the occupied North line of Block 1:

THENCE S 52 degrees 29' E 344.5 feet to a 1/2" iron rod set for the East corner of this parcel;

THENCE S 37 degrees 49' W GRID NAD83 498.8 feet to a steel "1" post found for the South corner of this parcel;

THENCE N 52 degrees 29' W GRID NAD83, at 344.5 feet pass a 1/2" iron rod set in the highway fence, in all 384.5 feet to a point in the centerline of 80 foot F.M. 210 for the West corner of this parcel;

THENCE N 37 degree 45' E GRID NAD83, with said centerline and the West line of said 124.3 acre tract, at 468.5 feet cross the north line of Block 1, in all 498.8 feet to a point for the North corner of this parcel;

THENCE S 52 degrees 29' E GRID NAD83 40.0 feet TO THE PLACE OF BEGINNING;

Containing 4.40 acres, more or less, of which the Northwest 40 feet or 0.46 of an acre lies on 80 foot F.M. Highway 210, which was taken by condemnation 8 February 1929, recorded in Archer County Commissioners Court minutes, Volume G, Page 295.

U.S. Department of Justice

*Tax Division*

DAH:CEM:RSNotinger
DJ 5-73-22413
CMN 2017100063

*717 N. Harwood*
*Suite, 400*
*Dallas, Texas 75201*

Main Line: (214) 880-9721
Direct Line: (214) 880-9766
Fax: (214) 880-9741

May 12, 2021

Mr. & Mrs. Randell C. McAnally
P.O. Box 21
Megargel, Texas  76370

VIA U.S. MAIL & EMAIL caderomc@gmail.com
AND  cade.rebecca.mcanally@gmail.com

Re:  9636 Farm to Market Road 210, Megargel, Texas  76370; Block 1, GP Meade Subdivision, approximately 4.40 acres in Archer County, Texas

Dear Mr. & Mrs. McAnally:

This letter concerns your offer to purchase the property located at 9636 FM 210, Megargel, Texas  76370 ("the Property").  The Property is fully described as follows:

Survey and description of a 4.40 acre parcel, more or less, out of the East 124.3 acres of Block 1, G.P. Meade's "LM" Pasture Subdivision of The William E. Probert Survey, Abstract 337, North of Megargel in Archer County, Texas as follows:

BEGINNING at a 1/2" iron rod set at the West side of an old cedar fence post in the East right-of-way of 80 foot F.M. Highway 210; Whence the fenced Southeast corner of Block 10 did bear 1108.9 feet S 89 degrees 23' E GRID NAD83 in 1979; said iron rod in the occupied North line of Block 1:

THENCE S 52 degrees 29' E 344.5 feet to a 1/2" iron rod set for the East corner of this parcel;

THENCE S 37 degrees 49' W GRID NAD83 498.8 feet to a steel "1" post found for the South corner of this parcel;

THENCE N 52 degrees 29' W GRID NAD83, at 344.5 feet pass a 1/2" iron rod set in the highway fence, in all 384.5 feet to a point in the centerline of 80 foot F.M. 210 for the West corner of this parcel;

THENCE N 37 degree 45' E GRID NAD83, with said centerline and the West line of said 124.3 acre tract, at 468.5 feet cross the north line of Block 1, in all 498.8 feet to a point for the North corner of this parcel;

THENCE S 52 degrees 29' E GRID NAD83 40.0 feet TO THE PLACE OF BEGINNING;

**Exhibit 2**

Containing 4.40 acres, more or less, of which the Northwest 40 feet or 0.46 of an acre lies on 80 foot F.M. Highway 210, which was taken by condemnation 8 February 1929, recorded in Archer County Commissioners Court minutes, Volume G, Page 295.

You offered to purchase the Property for $35,000 in cash, using a Texas Real Estate Commission One to Four Family Residential Contract (Resale) form, that contemplates forming a contract with the seller, Court-appointed Receiver Robert Ogle, and your receiving a Warranty Deed. However, because the Property is being sold through a court-appointed Receiver (the Seller), the process is a little different, and your offer will need to be set forth in this letter.

We understand the terms of your offer to be as follows:

1. The Sales Price is $35,000 in cash, with no financing.

2. We have been informed by the Receiver that you have submitted an earnest money deposit of $350.00 to American National Title Company, 1920 Elmwood North Avenue, Wichita Falls, Texas 76308. If the Court enters an order confirming the sale of the Property and you fail to tender the balance of the Sales Price within the time allowed, then you will forfeit your earnest money deposit. Otherwise, the earnest money deposit will be credited against the Sales Price.

3. The Property is being sold "as is", and the Seller shall not be required to make or pay for any repairs to the Property. However, you may inspect the Property at your expense and terminate the offer at any time before it is confirmed by the Court. In such case, the earnest money deposit will be refunded to you.

4. Property taxes for the year of the sale will be pro-rated between you and the Seller.

5. Seller will bear the following costs which will be deducted from the proceeds of the sale, and the Seller will not be required to provide cash for them at closing:

    a. Expenses incurred by the Receiver, and Court-approved fees for the Receiver and his attorney, pursuant to the Court's March 22, 2021 Order,
    b. A real estate commission not to exceed 10% of the sales price, which shall be shared as follows: 50% to the Receiver/Seller's agent, and 50% to the Buyers' agent.

6. All other costs shall be borne by you.

7. Closing shall be completed within 60 days after the Court confirms this offer, unless otherwise extended by further orders of the Court.

8. At the closing of the sale of the Property, the Receiver will sign and deliver a Receiver's Deed (see enclosed form) and possession of the Property to you.

9. You will be solely responsible for any and all expenses associated with the demolition and removal of any uninhabitable structures on the Property.

10. In exchange for the proceeds from the sale of the Property, the Department of Justice will issue a partial release of its judgment lien against Larry Cecil Cabelka, to remove this encumbrance from the Property.

11. Upon distribution of sale proceeds for the amount due to the IRS, we will instruct the IRS to prepare and issue a Certificate pursuant to 26 U.S.C. § 6325(b) discharging the Property from federal tax liens filed against Taxpayer Larry Cabelka and G.D. Larson. A Certificate of Discharge issued under Section 6325(b) is different from a Release of a tax lien issued under Section 6325(a), and while it removes tax liens on a specific property, it does not release the tax lien against the taxpayer's other property. Those tax liens will continue to attach to all of Taxpayer's other property. Please note that it can take between four and six weeks for the Department of Justice to obtain the Certificate of Discharge from the Internal Revenue Service.

12. Delinquent ad valorem taxes due and owing prior to your purchase of the Property shall be paid before the proceeds from the sale of the Property are paid to the Receiver.

If you agree that the foregoing terms represent your offer, please sign and return this letter to us in the enclosed FEDEX envelope, and email a signed copy to me at Ramona.S.Notinger@usdoj.gov. As indicated above, upon receipt of your signature on this letter, we intend to seek an order of the Court confirming the sale of the Property to you.

We are sure you understand that because this is a judicial foreclosure action, the United States lacks the power to accept your offer unilaterally, and that your offer must be accepted by the Court through an Order of Confirmation before your right to purchase the Property will become fixed.

Please do not hesitate to contact me, the trial attorney assigned to this matter in this office, at (214) 880-9766, if you have any questions or wish to discuss any aspects of this matter.

Sincerely,

*Ramona S Notinger*

Ramona S. Notinger
Trial Attorney
Civil Trial Section
Southwestern Region

Enclosures

This is our offer to purchase the Property:

_____  
**RANDELL C. McANALLY**

_____  
**REBECCA McANALLY**

cc: Robert Ogle, Receiver & Miles Cohn, Esq.

# RECEIVER'S DEED

**WHEREAS**, the United States District Court for the Northern District of Texas, Wichita Falls Division, in a civil action entitled <u>United States of America v. Larry Cecil Cabelka et al.</u>, Case No. 7:18-cv-00174-M-BP, having by a Judgment (ECF No. 56) entered on March 10, 2020, ordered the foreclosure of the United States' federal tax liens that attach to the real property titled to Larry Cecil Cabelka, formerly titled to G.D. Larson, and commonly known as 9636 Farm to Market Road 210, Megargel, Texas 76370, also known as 10255 FM 210, Megargel, Texas 76370 ("the Property"), and the Court, having on March 22, 2021, entered an order in this case (ECF No. 76), and in <u>United States of America v. Larry Cecil Cabelka</u>, Case No. 7:16-cv-00126-BP-O, (ECF No. 324) appointing Robert E. Ogle as Receiver in both cases, to take possession and to arrange for the sale of the Property; and

**WHEREAS**, the Court, on June ___, 2021 having entered orders (ECF Nos. ____ and _____) in Case Nos. 7:18-cv-00174-BP-O and 7:16-cv-00126-BP-O, respectively; approving the sale of the Property to Randell C. McAnally and Rebecca McAnally, husband and wife, ("the Purchaser"); and

**WHEREAS**, Robert E. Ogle, Receiver, was duly authorized and directed to convey the Property to the Purchaser; and

**WHEREAS**, the Property has been sold pursuant to the Court's Orders (ECF No. ____), for the sum of $35,000.00, and

**WHEREAS**, the Property is more particularly described as follows:

Survey and description of a 4.40 acre parcel, more or less, out of the East 124.3 acres of Block 1, G.P. Meade's "LM" Pasture Subdivision of The William E. Probert Survey, Abstract 337, North of Megargel in Archer County, Texas as follows:

BEGINNING at a 1/2" iron rod set at the West side of an old cedar fence post in the East right-of-way of 80 foot F.M. Highway 210; Whence the fenced Southeast corner of Block 10 did bear 1108.9 feet S 89 degrees 23' E GRID NAD83 in 1979; said iron rod in the occupied North line of Block 1:

THENCE S 52 degrees 29' E 344.5 feet to a 1/2" iron rod set for the East corner of this parcel;

THENCE S 37 degrees 49' W GRID NAD83 498.8 feet to a steel "1" post found for the South corner of this parcel;

THENCE N 52 degrees 29' W GRID NAD83, at 344.5 feet pass a 1/2" iron rod set in the highway fence, in all 384.5 feet to a point in the centerline of 80 foot F.M. 210 for the West corner of this parcel;

1

THENCE N 37 degree 45' E GRID NAD83, with said centerline and the West line of said 124.3 acre tract, at 468.5 feet cross the north line of Block 1, in all 498.8 feet to a point for the North corner of this parcel;

THENCE S 52 degrees 29' E GRID NAD83 40.0 feet TO THE PLACE OF BEGINNING;

Containing 4.40 acres, more or less, of which the Northwest 40 feet or 0.46 of an acre lies on 80 foot F.M. Highway 210, which was taken by condemnation 8 February 1929, recorded in Archer County Commissioners Court minutes, Volume G, Page 295.

**NOW** Robert E. Ogle, Receiver, pursuant to the authority and direction given to her by the Court as stated above, does hereby bargain, sell, transfer and convey to Randell C. McAnally and Rebecca McAnally, husband and wife, all of the right, title, claims, and interest in the Property, to have and to hold, with appurtenances thereto, by Randell C. McAnally and Rebecca McAnally, for their own use and disposition.

**AND ALSO,** Robert E. Ogle, Receiver, does hereby covenant with Randell C. McAnally and Rebecca McAnally, that he has full power and authority to grant and convey the Property in the manner and form aforesaid.

The Property is hereby conveyed to Randell C. McAnally and Rebecca McAnally free and clear of any of the rights, titles, claims, or interests of the United States of America, Larry Cecil Cabelka, Jacqueline Kay Latimer, G.D. Larson, the Estate of G.D. Larson, the heirs of G.D. Larson, and Robert E. Ogle, Receiver; subject to any sums which may be due for municipal property, water or sewer taxes, or any special use charges or assessments, and subject to all laws, ordinances, and governmental regulations affecting said premises, and any easements and restrictions appearing of record, if any.

Executed this _____ day of _____, 2021.

_____
ROBERT E. OGLE, RECEIVER

STATE OF TEXAS
COUNTY OF _____

On this date, Robert E. Ogle, Receiver, the signer of the foregoing instrument, personally appeared before me and acknowledged the same to be his free act and deed.

_____ day of _____, 2021.

_____
NAME:
NOTARY PUBLIC, STATE OF TEXAS

**After Recording, Return to:**

3

```
CADE McANALLY                                              1045
REBECCA McANALLY                                         39-70/1030
FARM & RANCH
                              5-13-2021
MEGARGEL, TX 76370                Date
Pay to the
Order of  American National Title        $350.00
three hundred fifty 00/100                Dollars

IB InterBank
307 W. MAIN • OLNEY, TX 76374
940.564.5516 • www.interbank.com

For 9636 property earnest money    Cade McAnally

⑈103000703⑈    ⑈         8388⑈ 1045
```