IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00174-O-BP |
| § | |
| **LARRY CECIL CABELKA,** § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Joint Motion to Approve Sale of Subject Property to Delbert and Margaret Warren ("the Warrens"), for Expedited Ruling, and Supporting Brief ("Joint Motion") filed March 2, 2023. ECF No. 166. As of the date of these findings, conclusions, and recommendation, no party has filed a response to the Joint Motion. After reviewing the Joint Motion and relevant authorities, and noting that Defendants have not opposed this Motion, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Joint Motion (ECF No. 166).

The undersigned further notes that the Receiver omitted the Certificate of Conference from the First Joint Motion (ECF No. 165). He corrected this mistake and filed an updated version of the Joint Motion. (ECF No. 166). To address the duplication, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the First Joint Motion (ECF No. 165) as **MOOT**.

On January 30, 2018, the Court entered an Amended Final Judgment in this case against Defendant Larry Cabelka in the amount of $26,400,532.02 ("the Amended Judgment"). The United States Court of Appeals for the Fifth Circuit affirmed the Amended Judgment on March 26, 2019. *United States v. Larry Cecil Cabelka*, 766 F. App'x 57 (5th Cir. 2019).

By Order dated March 22, 2021, the Court appointed Robert E. Ogle as Receiver to take possession of property Cabelka owned that could be sold to help satisfy the Amended Judgment. ECF No. 76. That Order requires that the Receiver obtain the Court's permission to sell property. In the pending Joint Motion, the Receiver seeks the Court's permission to sell certain property located in Comanche County, Oklahoma ("the Adair Property") in partial satisfaction of the Amended Judgment. The Adair Property is described in Exhibit 1 attached to the Joint Motion. ECF No. 166-1 at 5.

The Receiver has identified two potential buyers, the Warrens, who have agreed to purchase the Adair Property for $360,000.00, "as is," subject to approval of the Court. *See* ECF No. 166 at 2. The sales price equates to $2,250.00 per acre and is above the price per acre received for comparable properties in the same area. *Id*. The Receiver has received other offers on the property, but the Warrens have made the highest offer on the property. *Id.* Their offer is subject to obtaining FSA financing. *Id.* The closing date for the sale of the property would be within sixty days after the Court approves and confirms the sale. *Id.* The proposed sale of the Adair Property appears to be "necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor approve and confirm the proposed sale of the Adair Property to the Warrens for the amount of $360,000.00 in the form attached as Exhibit 2 to the Joint Motion to Approve Sale of Subject Property to Delbert and Margaret Warren, for Expedited Ruling, and Supporting Brief. ECF No. 166. The undersigned further **RECOMMENDS** that Judge O'Connor **DENY** the previously filed, and superseded, First Joint Motion (ECF No. 165) as **MOOT**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 30, 2023.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE