IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00174-O-BP |
| § | |
| LARRY CECIL CABELKA, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Joint Motion to Approve Sale of Subject Property to Kevin Hoodenpyle, for Expedited Ruling, and Supporting Brief ("Joint Motion") filed March 14, 2023. ECF No. 167. As of the date of these findings, conclusions, and recommendation, no party has filed a response to the Joint Motion.

After reviewing the Joint Motion and relevant authorities, and noting that Defendants have not filed a response to the Motion, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Joint Motion (ECF No. 167).

On January 30, 2018, the Court entered an Amended Final Judgment in this case against Defendant Larry Cabelka in the amount of $26,400,532.02 ("the Amended Judgment"). The United States Court of Appeals for the Fifth Circuit affirmed the Amended Judgment on March 26, 2019. *United States v. Larry Cecil Cabelka*, 766 F. App'x 57 (5th Cir. 2019).

By Order dated March 22, 2021, the Court appointed Robert E. Ogle as Receiver to take possession of property Cabelka owned that could be sold to help satisfy the Amended Judgment. ECF No. 324. That Order requires that the Receiver obtain the Court's permission to sell property. In the pending Joint Motion, the Receiver seeks the Court's permission to sell certain property

located in Cotton County, Oklahoma ("the North of Lafferty Property") in partial satisfaction of the Amended Judgment. The North of Lafferty Property is described in Exhibit 1 included in the Joint Motion. ECF No. 167-1 at 5.

The Receiver has identified a potential buyer, Kevin Hoodenpyle, who has agreed to purchase the North of Lafferty Property for $400,000.00, "as is," subject to approval of the Court. *See* ECF No. 167 at 2-3. The sales price equates to $2,500.00 per acre and is above the price per acre received for comparable properties in the same area. ECF No. 167 at 2. Kevin Hoodenpyle has submitted the highest offer on the property. *Id.* His offer is subject to obtaining FSA financing. *Id.*

The proposed sale of the North of Lafferty Property Property appears to be "necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor approve and confirm the proposed sale of the North of Lafferty Property to Kevin Hoodenpyle for the amount of $400,000.00 in the form included in the Joint Motion to Approve Sale of Subject Property to Kevin Hoodenpyle, for Expedited Ruling, and Supporting Brief. ECF No. 167.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on April 7, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3